UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN NEIL SHROPSHIRE, | Case No. 2:21-cv-01693-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| TERRIE CISSNA, *et al.*, | ECF Nos. 7 & 10 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff Ryan Shropshire is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendant Cissna falsified a search warrant affidavit and fabricated evidence for use against him in his criminal trial. ECF No. 1. Because his claims appear to contest the validity of his criminal conviction, which has not terminated in his favor, they are barred under the *Heck* doctrine.[1] I will give plaintiff an

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

1

opportunity to file an amended complaint curing the deficiencies in his allegations. If he fails to do so, I will recommend that his complaint be dismissed. I will grant his application to proceed *in forma pauperis*. ECF Nos. 7 & 10.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant Cissna, an El Dorado County Sheriff's deputy, procured a search warrant by "deliberately and improperly with[holding] material information" from an affidavit. ECF No. 1 at 4. Plaintiff asserts that he was not present at the place of the search and that "[n]othing was found tying [him] to any criminal activity." *Id.* at 21. He also alleges that defendant Cissna provided false testimony regarding information "fabricated in her police report." *Id.* at 22. He claims that he has consequently endured two-and-a-half years of unlawful custody and a resulting loss of wages, custody, health care, and dental care. *Id.*

Allegations that an officer either procured a search warrant by falsifying an affidavit, fabricated evidence for use at trial, or gave false testimony at trial can, in certain circumstances, give rise to causes of action under § 1983.[2] Under the *Heck* doctrine, "claims challeng[ing] the integrity of criminal prosecutions," *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019), such as these, cannot be brought under § 1983 unless the plaintiff's criminal case has terminated in his or her favor. *See id.* (holding that favorable termination is an element of a § 1983 Fourteenth Amendment fabricated evidence claim); *Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007) (holding that the *Heck* doctrine bars civil suits that "challenge the search and seizure of the evidence upon which [the plaintiff's] criminal charges and convictions were based"). Plaintiff's complaint states that his "case is still before the Court of Appeal on not only direct appeal but also Habeas Corpus." ECF No. 4 at 1. Notwithstanding his claim that the allegedly unlawful search yielded nothing "tying him to any criminal activity," *id.* at 21, he states that "one of the things being reviewed [on appeal or habeas review] is the search warrant," *id.* at 1. This statement indicates that his criminal case has not terminated in his favor and that he intends this

---

[2] Plaintiff's complaint appears to allege both a Fourth Amendment judicial deception claim, *see Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (A plaintiff states a claim of Fourth Amendment judicial deception when he or she plausibly alleges that an officer procured a search warrant by "submit[ing] an affidavit that contained statements he knew to be false or would have known to be false had he not recklessly disregarded the truth."); and a Fourteenth Amendment deliberate fabrication of evidence claim, *see Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) ("The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official.").

3

suit as a collateral attack on his conviction.  Accordingly, plaintiff's claims cannot, at least in their current form, be brought in a § 1983 action.

      I will give plaintiff leave to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

      Accordingly, it is hereby ORDERED that:

    1. Plaintiff's applications to proceed *in forma pauperis*, ECF Nos. 7 & 10, are granted.

    2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

    3. Failure to comply with this order may result in the dismissal of this action.

    4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 10, 2022

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4