UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN NEIL SHROPSHIRE,<br><br>   Plaintiff,<br><br>v.<br><br>TERRIE CISSNA, *et al.*,<br><br>   Defendants. | Case No.  2:21-cv-01693-TLN-JDP (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

On May 11, 2022, the court screened plaintiff's complaint, notified him that his claims were barred under the *Heck* doctrine, and gave him thirty days to file an amended complaint. ECF No. 13.  To date, plaintiff has not filed an amended complaint.

To manage its docket effectively, the court imposes deadlines on litigants and requires litigants to meet those deadlines.  The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and to avoid needless burden on the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given a chance to explain why the court should not dismiss the case for his failure to file an amended complaint.  Plaintiff's failure to respond to this order will constitute

1

a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint.

IT IS SO ORDERED.

Dated:  June 23, 2022

/s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2